This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**TOWN OF SILVER CITY,**

Plaintiff-Appellee,

v.                                                     **No. 32,747**

**DAVID RUELAZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF GRANT COUNTY**
**Jarod K. Hofacket, District Judge**

Reynolds Law Firm, PC
James H. Reynolds
Silver City, NM

for Appellee

Lopez, Dietzel and Perkins, P.C.
Daniel B. Dietzel
Silver City, NM

for Appellant

## MEMORANDUM OPINION

**FRY, Judge.**

{1}     Defendant appeals the district court's order finding that he violated Silver City ordinances prohibiting the keeping of a vicious animal and establishing the owner's

responsibility for animal attacks. Silver City, N.M. Ordinances, Part II, ch. 6, art. V, §§ 6-194, 6-195 (2005). The charges arose from an incident in which Defendant's pit bull terrier approached a woman in a hostile manner when she was visiting a friend in Defendant's neighborhood. Defendant argues on appeal that the ordinances at issue are not strict liability offenses and that there was not sufficient evidence to find that he violated the ordinances. We address these issues in turn and affirm.

{2} Because this is a memorandum opinion and the parties are familiar with the facts and procedural history of this case, we reserve further discussion of the pertinent facts for our analysis.

**DISCUSSION**

**The District Court Did Not Rule That the Ordinances Were Strict Liability Offenses**

{3} Defendant argues that it would be error to sustain Defendant's convictions under a theory of strict liability. Defendant relies on *State v. Gonzalez* for the proposition that when an act is punishable as a crime, our courts require that the statute be construed as requiring some form of criminal intent unless the Legislature clearly manifested its intent to make the act a strict liability offense. 2005-NMCA-031, ¶ 12, 137 N.M. 107, 107 P.3d 547. Defendant argues that because a violation of either of these ordinances could result in ninety days' imprisonment, Defendant cannot be convicted of violating the ordinances without a showing of criminal intent.

**{4}** The problem with Defendant's argument is that the district court agreed with Defendant below that the ordinances were not strict liability offenses. In issuing its ruling, the district court stated that

> the traditional approach [of] one free bite is how it's looked at. The owner needs to have some awareness of the history of other unprovoked bites or attacks. . . . If the general common law rule of criminal intent does apply, the intent [was] met . . . [and] the level of intent necessary to violate these ordinances does exist.

Defendant does not argue that the level of criminal intent the district court applied to the ordinances was improper, and we therefore do not consider it. Accordingly, we conclude that Defendant was not convicted of violating these ordinances on a strict liability theory, and his assertion of error on this point is without any basis in the record.

**{5}** Furthermore, Defendant's arguments regarding the alleged preemptive effect of similar state statutes were not preserved below and, therefore, our review of this issue is for fundamental error. *See State v. Cunningham*, 2000-NMSC-009, ¶ 10, 128 N.M. 711, 998 P.2d 176 ("The doctrine of fundamental error . . . is an exception to the general rule requiring preservation of error."). However, "[t]he doctrine of fundamental error is to be resorted to in criminal cases only for the protection of those whose innocence appears indisputably, or open to such question that it would shock the conscience [of the court] to permit the conviction to stand." *Id.* ¶ 13 (internal

quotation marks and citation omitted). Given the evidence supporting Defendant's convictions, as discussed below, we cannot conclude that such exceptional circumstances exist in this case so as to constitute fundamental error.

**Sufficient Evidence Exists to Support Defendant's Conviction Under Section 6-194**

{6}    Defendant argues that there was insufficient evidence to convict him of an offense under Section 6-194. Defendant again contends that our interpretation of Section 6-194 should be limited by a similar state statute. *See* NMSA 1978, § 77-1-10(A) (1979) (prohibiting the keeping of animals "known to be vicious . . . unless such animal is securely kept to prevent injury to any person"). However, we have rejected Defendant's preemption argument as unpreserved. Therefore, we consider Defendant's insufficiency of the evidence argument by examining the evidence adduced at trial and whether it constitutes a violation of Section 6-194, not Section 77-1-10.

{7}    We review an insufficiency of the evidence claim to determine whether "substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314. We "view the evidence in the light most favorable to the [prosecution], resolving all conflicts therein and indulging all permissible inferences therefrom in favor of the

4

verdict." *Id.* We do not "weigh the evidence and may not substitute [our] judgment for that of the fact finder so long as there is sufficient evidence to support the verdict." *Id.*

{8}      Section 6-194 provides, "It shall be unlawful for any person to keep a vicious animal and any animal deemed vicious shall be humanely destroyed and the owner may be fined as provided for in this chapter." The Silver City ordinances define "[v]icious animal" as:

> An animal that, unprovoked, bites or attacks a person or another animal or approaches a person in a vicious or terrorizing manner; provided, however, that if the animal has no history of any other unprovoked bites or attacks of persons or other animals and the animal is not likely to, unprovoked, bite or attack another person or animal in the future, such animal shall not be considered vicious[.]

Silver City, N.M. Ordinances, Part II, Section 6-1.

{9}      The district court found that the uncontroverted testimony at trial established that Defendant's dog had a history of previous terrorizing behavior and that Defendant was made aware of the dog's aggressive behavior by a neighbor who was a victim in a previous encounter and by the animal control officer who responded to that incident. The district court's findings were supported by the testimony of the previous victim and were corroborated by Defendant himself. Defendant's contrary argument that he was not aware that his dog was "insecurely kept" is immaterial to a conviction under Section 6-194. Thus, there was sufficient evidence for the district court to conclude

5

that Defendant violated Section 6-194 by keeping an animal that he was aware had approached people in a "vicious or terrorizing manner" on previous occasions and did so again during the incident at issue.

**Sufficient Evidence Exists to Support Defendant's Conviction Under Section 6-195**

{10}     Defendant argues that there was insufficient evidence to support his conviction for violating Section 6-195.  We reiterate that Defendant has not preserved any arguments regarding alleged preemptive limitations on our interpretation of this ordinance.  We therefore only consider Defendant's argument that there was no evidence that he knew that his dog was loose during the incident at issue or that he purposefully intended for his dog to attack anyone.

{11}     We are unpersuaded by Defendant's argument that Section 6-195 includes any requirement that Defendant knew his dog was loose or that he purposefully intended for the dog to injure anyone.  Section 6-195 states, "It shall be unlawful for an animal to, unprovoked, bite or attack a person or other animal or approach a person in a vicious or terrorizing manner."  The evidence in this case established that Defendant's dog approached the victim in a vicious or terrorizing manner and continued its aggressive behavior with the responding animal control and police officers to the extent that the officers had to taze the dog to get it under control.  The district court found that any relevant mens rea was met because Defendant was aware that the dog

6

had gotten out in the past and that it was possible for the dog to get out in the future. We therefore conclude that sufficient evidence exists to support Defendant's conviction under Section 6-195.

**CONCLUSION**

{12}    For the foregoing reasons, we affirm Defendant's convictions.

{13}    **IT IS SO ORDERED.**

_____
                                        **CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Chief Judge**

_____
**JONATHAN B. SUTIN, Judge**